IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>TORRAZE DAVIS,<br><br>               Defendant. | 8:09CR24<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the defendant's motion for a reduction of sentence (Filing No. 42). He seeks a reduction under the retroactive sentencing Guidelines amendments promulgated pursuant to the Fair Sentencing Act (FSA), Pub. L. 111–220, 124 Stat. 2372 (2010). The FSA changed the threshold quantity of crack cocaine required by § 841(b)(1)(A) that triggers a mandatory minimum sentence. *See id.* Counsel was appointed for the defendant and counsel requested that the court defer ruling on the motion pending a determination whether the Supreme Court's decision in *Dorsey v. United States,* 132 S. Ct. 2321, 2335 (2012) would support a sentence reduction. Filing Nos. 46 and 49. Several extensions were granted and the time for response has passed. See Filing Nos. 47 and 50.

The defendant was convicted of conspiracy to distribute and possess with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(ii). Filing No. 1, Indictment; Filing No. 36, Judgment. At the time he was sentenced on December 15, 2009, Davis's offense carried a statutory mandatory

minimum penalty of five years and a maximum of 40 years' imprisonment.[1]  21 U.S.C. § 841(b)(1) (2007). In the plea agreement, the defendant agreed that he should be held responsible for at least 500 grams but less than 1.5 kilograms of cocaine base, resulting in base offense level 34. Filing No. 27, Plea Agreement at 4. The plea agreement contemplated cooperation but no motion for a sentence reduction under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) has been filed. Filing No. 27, Plea Agreement. In the Revised Presentence Investigation Report (Sealed) ("PSR"), Davis was classified as a career offender.[2] *Id.* at 7-8. Based on the Sentencing Guidelines then in force (at base offense level 31 and criminal history category VI), Davis's sentencing range of imprisonment was 188 months to 235 months. See Filing No. 38, PSR at 20. Davis was sentenced to 120 months' imprisonment. Filing No. 36, Judgment.

The record shows that although Davis was classified as a career offender, the court did not sentence him as such. *See* Filing No. 38, PSR at 7-8; Filing No. 48, Transcript of Sentencing Hearing (Sealed) at 25-28. At the sentencing hearing, the defendant withdrew his objection to the career offender status. *Id.* at 3. Counsel for the government stated to the court at the sentencing hearing that a Rule 35 motion would likely be filed. *Id.* at 25-26. The court indicated that the defendant was given a

---

[1] The record shows that the quantity of crack cocaine that the defendant admitted he distributed would have supported prosecution for a drug distribution offense that carried a mandatory minimum sentence of 120 months and a maximum of life. *See* 21 U.S.C. § 841(b)(1)(A)(iii)(2009).

[2] Defendant's career offender status was based on at least two prior felony convictions for either a crime of violence or a controlled substance offense, e.g., two convictions that are considered controlled substance offenses, specifically, two convictions in Douglas County, Nebraska, District Court for possession with intent to distribute crack cocaine in 1995 and 1996 and an Iowa conviction for eluding arrest that is an aggravated misdemeanor under Iowa law, punishable by up to two years' imprisonment, and is considered a crime of violence as defined in U.S.S.G. § 4B1.2(a). Filing No. 38, PSR at 7-8, 10-11.

sentence outside the recommended Guidelines range of 188 to 232 months based on his psychological history, his long-standing and severe substance abuse problem, and the disparity between crack and powder cocaine. *Id.* at 26-27. The court noted that if Davis had been charged with distribution of a similar quantity of powder cocaine at criminal history level VI, his sentence would have been 120 to 150 months, and at criminal history category V, his sentence would have been 110 to 137 months. *Id.* at 27. The court also found that, although the defendant deserved career offender status under the Guidelines, his criminal history was somewhat overstated because of the crimes on which it was based, but not by more than one level. *Id.* at 28.

"Although courts 'may not modify a term of imprisonment once it has been imposed,' Congress has provided an exception for defendants who were 'sentenced ... based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).'" *United States v. Tingle*, 524 F.3d 839, 840 (8th Cir. 2008) (quoting § 3582(c)(2)). Career offenders are not eligible for sentence reductions under 18 U.S.C. § 3582(c)(2). *Id.* (involving application of Amendment 706 to the United States Sentencing Guidelines Manual, which reduced the base offense levels in U.S.S.G. § 2D1.1(c) based on the quantity of cocaine base (crack)). "Although the Sentencing Commission lowered the offense levels in U.S.S.G. § 2D1.1(c) related to crack cocaine drug quantities, it did not lower the sentencing range for career offenders under U.S.S.G. § 4B1.1." *Id.*

"Effective November 1, 2011, Amendment 750 retroactively implemented the provisions of the Fair Sentencing Act of 2010, which (in relevant part) increased the amount of cocaine base required to trigger mandatory minimum sentences." *United*

3

*States v. Williams*, 495 Fed. App'x, 747, 748 (8th Cir. 2012).  In *Dorsey v. United States*, the Supreme Court held that the more lenient penalties of the Fair Sentencing Act applied to those offenders whose crimes preceded the effective date of the Act, but who were sentenced after that date.  *Dorsey,* 132 S. Ct. at 2335.  Davis is not entitled to relief under *Dorsey* because his offense and sentencing predated the enactment of the FSA and the imposition of a mandatory minimum sentence is not at issue.

To be eligible for a sentence reduction under 18 U.S.C. § 3582(c), a defendant's sentence must be based on the crack cocaine Guidelines—on "a sentencing range that has subsequently been lowered."  See 18 U.S.C. § 3582(c)(2); *Freeman v. United States*, 131 S. Ct. 2685, 2695 (2011) (finding that a Rule 11(c)(1)(C) sentence may be reduced under 18 U.S.C. § 3582(c)(2)).  "A sentence is 'based on' a lowered guideline if that guideline served 'as the basis or foundation for the term of imprisonment.'"  *Freeman v. United States*, 131 S. Ct. at 2695 (finding that a Rule 11(c)(1)(C) sentence may be reduced under 18 U.S.C. § 3582(c)(2)).   The Eighth Circuit Court of Appeals has rejected the argument that the Supreme Court's *Freeman* decision effectively overrules its previous cases holding that career offenders are ineligible for sentence reductions under 18 U.S.C. § 3582(c)(2).  See *United States v. Hoskins,* 489 Fed. App'x 990, 992, 2012 WL 4856984, **3 (8th Cir. 2012) (per curiam) (finding the defendant's sentence was based on career offender Guidelines and the defendant's substantial assistance, not the crack-cocaine Guidelines); *United States v. Harris*, 688 F.3d 950, 955 (8th Cir. 2012) (finding Freeman inapposite to a career-offender sentence).

In the Eighth Circuit, a defendant sentenced under the career offender guidelines is not eligible for a sentence reduction under § 3582(c)(2) based on the Fair Sentencing

4

Act and the Guidelines amendments promulgated thereunder. *Harris*, 688 F.3d at 955. A career offender's sentence is not "based on the crack-cocaine guidelines but, rather, on the applicable career-offender range." *Id.* (finding that Freeman has no application to a career offender's sentence); *see also* U.S.S.G. § 1B1.10 cmt. n. 1(A); *United States v. Bonds*, 468 Fed. App'x 620, 620 (7th Cir. 2012) ("*Freeman* has nothing to do with how retroactive amendments affect career offenders.").

The court finds there may be authority to reduce Davis's sentence under *Freeman* since the record shows Davis's sentence was not based on the career-offender Guidelines, but on the crack-cocaine Guidelines. Accordingly, his sentence was "based on a sentencing range that has subsequently been lowered." *See Hoskins*, 489 Fed. App'x at 990. The court notes, however, that in Davis's case, even if the FSA were applied, Davis would not receive a shorter sentence.

The drug quantity attributable to the defendant is 500 grams to 1.5 kilograms of crack cocaine. Filing No. 38, PSR at 20. Davis was assessed 12 criminal history points[3] and, had he not been a career offender, would have been in criminal history category V. Under the 2011 Guidelines, distribution of between 500 and 1.5 kilograms of cocaine base at criminal history category V would result in either base offense level 32 (for up to 840 g.) or 34 (for between 840 g. and 2.8 kg.), less 3 levels for acceptance of responsibility, for a total offense level of either 29 or 31. Even if the defendant were

---

[3] Davis's extensive criminal history includes a conviction for eluding (an aggravated misdemeanor); two convictions for possession with intent to distribute crack cocaine; a juvenile adjudication for possession of crack cocaine; a conviction for shoplifting; eight convictions for possession of marijuana one ounce or less; a conviction for minor in possession of alcohol; a conviction for possession of drug paraphernalia; two convictions for failure to appear; a conviction for request to leave; two convictions for disorderly conduct; a conviction for theft by unlawful taking $0-$200; a conviction for assault and battery; two convictions for false information; and numerous citations resulting in sentences of less than thirty days in jail or less than one year of probation. *See* Filing No. 38, PSR at 8-14.

sentenced under the FSA and the 2011 Guidelines, and not as a career offender, his sentencing range at level 29 would be 140 to 175 months, and at level 31 would be 168 to 210 months. His 120-month sentence is shorter than the sentence provided under the FSA and thus Davis would not be entitled to relief. Indeed, his sentence falls in the middle of the sentencing range for a similar quantity of powder cocaine. The defendant has already been afforded the benefit of consideration of the crack/powder cocaine disparity. Further, the court is not persuaded that a lower sentence would be appropriate in any event. Accordingly,

IT IS ORDERED that the defendant's motion for a reduction of sentence (Filing No. 42) is denied.

Dated this 25th day of April, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge