IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>TORRAZE T. DAVIS,<br><br>               Defendant. | 8:09CR24<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on the defendant's letter/motion for appointment of counsel and a reduction of his sentence, Filing No. 63. The pro se motion is based on "the FSA [Fair Sentencing Act] and the mandatory minimums reform act."[1] *Id.* at 1. The court has previously denied the defendant's earlier motions for a sentence reduction. *See* Filing Nos. 51 and 62.

      The court found earlier that the defendant would not be entitled to a sentence reduction because he is arguably a career offender, and, in any event, he received a shorter sentence than the sentence provided under the FSA. Filing No. 51, Memorandum and Order at 6 (explaining that even if the defendant had not been sentenced as a career offender, his sentencing range under the post-FSA Guidelines would have exceeded the sentence that he was given). Later, the court denied another motion for a sentence reduction, finding that the United States Supreme Court case of

---

[1] Davis briefly alludes to his ostensible entitlement to a reduction for substantial assistance, but, absent a substantial threshold showing of an unconstitutional motive, a "claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." *Wade v. United States*, 504 U.S. 181, 185–86 (1992); *United States v. Fields*, 512 F.3d 1009, 1011 (8th Cir. 2008).

*Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013), had no application to the defendant's circumstances.  Filing No. 62, Memorandum and Order at 3.

The record shows that the defendant is not eligible for a sentence reduction.  *See United States v. Reeves,* 717 F.3d 647, 650 (8th Cir. 2013); *United States v. Harris*, 688 F.3d 950, 955 (8th Cir. 2012).  Although the Fair Sentencing Act's more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3, 2010, "the Fair Sentencing Act does not apply retroactively to defendants who were sentenced before August 3, 2010, and who seek a reduction in their sentences under section 3582(c)(2)."  *Reeves*, 717 F.3d at 651; *see also Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).  Davis is not entitled to relief under *Dorsey* because both his offense and his sentencing predate the enactment of the FSA.

IT IS HEREBY ORDERED that the defendant's letter/motion for appointment of counsel and a reduction of his sentence (Filing No. 63) is denied.

DATED this 11th day of April, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge
